UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SARAH CHUNG,

               Plaintiff,

v.

ILLUMINATE EDUCATION, INC.,

               Defendant.

**MEMORANDUM & ORDER**
22-CV-03110 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      The Court hereby transfers this case to the United States District Court for the Central District of California, as agreed upon by the parties, to promote judicial economy and for the convenience of the parties and witnesses, as further explained below. *See* ECF No. 18.

      On May 26, 2022, Sarah Chung ("Plaintiff"), brought this case on behalf of herself and others similarly situated, asserting various negligence, breach of contract, and unjust enrichment claims against Illuminate Education, Inc. ("Defendant") pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(d)(2). As alleged in the Complaint, Defendant failed to secure and safeguard personally identifiable information and failed to timely and adequately notify Plaintiff that the information had been subject to unauthorized access by an unknown third party (the "Data Breach"). *See* ECF No. 1 ¶¶ 1–2, 52–75. Plaintiff alleges that she is a resident of Queens County, New York, which is located within the Eastern District of New York. *Id.* ¶ 14. She further alleges that Defendant is a resident of Irvine, California, that the aggregate amount in controversy exceeds $5 million, and that there are greater than 100 members of the proposed class. *Id.* ¶¶ 6, 10. On August 9, 2022, the parties filed a joint letter requesting that the Court transfer the proceeding to the Central District of California because two other plaintiffs

have filed similar cases against the Defendant in the Central District of California that arise out of the same incident.  *See* ECF No. 18 at 1.

The Court has considered the parties' submission and has independently considered the private and public interest factors at stake and concludes that, for the convenience of the parties and in the interest of justice and judicial economy, this action should be transferred to the Central District of California.  *See* 28 U.S.C. § 1404(a); *Minnette v. Time Warner*, 997 F. 2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court.").

District courts have discretion in deciding motions to transfer and consider a variety of factors in making this determination including:  "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."  *Gottlieb v. SEC*, 723 F. App'x 17, 19 (2d Cir. 2018) (citation omitted) (alteration in original).  Additionally, the Court "may transfer any civil action . . . to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Here, Plaintiff has consented to the transfer.  *See* ECF No. 18 at 2.

Although this case is at a preliminary stage and relevant witnesses have not all been identified, the Defendant is a resident of and headquartered in Irvine, California, which is located in the Central District of California.  *See* 28 U.S.C. § 84(c).  The Defendant's key employees and any documents relevant to the litigation are likely located there.  *See* ECF No. 18 at 2.  The parties state that two other plaintiffs have filed similar cases against the Defendant in the Central District of California:  *Kisil v. Illuminate Education, Inc.*, No. 8:22-cv-1164, and *Cranor v.*

*Illuminate Education, Inc.*, No. 8:22-cv-1404.  The Central District of California may choose to consolidate all three cases given that they arise out of the same Data Breach and thus, the same set of operative facts.  *See In re Hain Celestial Heavy Metals Baby Food Litig.*, No. 21-cv-678, 2021 WL 3077887, at *1 (E.D.N.Y. June 25, 2021) (finding that Fed. R. Civ. P. 42(a) permits courts to consolidate actions if they involve common questions of law or fact and noting that courts consider judicial economy in determining whether to do so).  The parties also agree that transferring the case with the goal of consolidation with *Kisil* and *Cranor* would save time and expenses for both parties.  *See* ECF No. 18 at 2.  The Court agrees that consolidation would promote the efficient use of judicial resources and avoid inconsistent litigation.  *See Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012) ("There is a strong policy favoring the litigation of related claims in the same tribunal [so] that pretrial discovery can be conducted more efficiently, [duplicative] litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.").

      Viewing all the factors collectively, the action's transfer to the Central District of California would promote judicial economy and the interests of justice, and would assist the parties and witnesses.  Accordingly, the Court hereby orders a transfer of this case, pursuant to 28 U.S.C. § 1404(a).  The Court respectfully directs the Clerk of Court to immediately transfer this case to the United States District Court for the Central District of California.  The Court waives compliance with Rule 83.1 of the Local Rules for the Eastern District of New York, which otherwise imposes a seven-day delay in the transfer of relevant case materials.

      SO ORDERED.

                                                                */s/ Hector Gonzalez*
                                                                HECTOR GONZALEZ
                                                                United States District Judge

Dated: Brooklyn, New York
       August 19, 2022